**AFFIRMED and Opinion Filed November 28, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-01300-CR

**OBED ISAU ZAVALA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 291st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1535052-U**

## MEMORANDUM OPINION

Before Justices Bridges, Francis, and Lang-Miers
Opinion by Justice Bridges

Obed Isau Zavala appeals his aggravated robbery conviction. A jury found appellant guilty, and the trial court sentenced him to fifteen years' confinement. In a single issue, appellant argues the trial court erred in allowing the complainant, Joshua Karamvellil, to invoke his Fifth Amendment privilege against self-incrimination during his testimony. We affirm the trial court's judgment.

At trial, Karamvellil testified that, in December 2015, he was selling marijuana for a living. Karamvellil testified appellant and two armed, masked men entered Karamvellil's house, held Karamvellil at gunpoint and tied him up with duct tape, and took Karamvellil's electronics, money, and jewelry. Appellant was arrested hiding under a neighbor's porch while attempting to evade arrest. Appellant had "Texas crook" tattooed across his chest. On direct examination by the

prosecutor, Karamvellil testified he had a pending assault charge against him, he was on probation for possession of marijuana, and he had two driving while intoxicated charges against him. On cross-examination, appellant's counsel asked Karamvellil about the identity of the victim in the pending assault case. The prosecutor objected that the assault case was not yet adjudicated, and it was "not a legal way to impeach a witness." The trial court sustained the objection.

At a later hearing outside the presence of the jury, the trial court overruled its initial ruling and ruled that appellant's counsel could question Karamvellil about the underlying facts of the pending assault case and a separate deadly conduct case. The trial court noted that it had appointed an attorney from the public defender's office to represent Karamvellil. Karamvellil's appointed counsel stated she had discussed with Karamvellil "the nature of his testimony going forward" in the trial, and Karamvellil decided to "invoke his Fifth Amendment right." Still outside the presence of the jury, appellant's counsel questioned Karamvellil about his decision not to testify, and Karamvellil stated, "I plead the Fifth." Appellant's counsel then asked the trial court to strike Karamvellil's entire testimony and asserted Karamvellil could not, "halfway through a proceeding, selectively choose to invoke [his] Fifth Amendment right." The trial court ruled that it would not "grant [Karamvellil] Fifth Amendment privilege with regards to anything outside of those pending cases that he has that are not subject to this trial at hand." The trial court stated the law allowed Karamvellil to invoke his Fifth Amendment privilege against self-incrimination with respect to "the assault case and the deadly conduct that he currently has pending." The jury subsequently convicted appellant of aggravated robbery, and this appeal followed.

In a single issue, appellant argues the trial court erred when it allowed Karamvellil to "take the Fifth" in the middle of his testimony. Specifically, appellant complains Karamvellil waived his Fifth Amendment privilege by testifying he had a pending assault charge. Therefore, appellant argues, the trial court should have compelled Karamvellil to testify.

–2–

The Fifth Amendment to the Constitution of the United States provides that no person shall be compelled in any criminal case to be a witness against himself. U.S. CONST. amend. V. A witness may invoke the Fifth Amendment privilege at the "threshold" of "any particular transaction or area of testimony" that is unrelated to the testimony provided on direct examination. *Scott v. State*, 940 S.W.2d 353, 357 (Tex. App.—Dallas 1997, pet. ref'd) (quoting *Blackmon v. State*, 642 S.W.2d 499, 501-02 (Tex. Crim. App. 1982)).

Karamvellil was a fact witness, not the accused on trial. He voluntarily testified regarding his knowledge of the incident that resulted in appellant being charged. The questions he refused to answer concerned facts of unadjudicated offenses unrelated to the matter before the court, and Karamvellil asserted his Fifth Amendment privilege at the first sign appellant's counsel sought to develop the details of Karamvellil's unadjudicated offenses. Under circumstances such as these, this Court in *Scott* concluded evidence regarding the facts of a witness's pending aggravated assault charge were not related to his testimony on direct examination, a response to the proffered question was potentially incriminating, and the witness timely invoked his privilege. *See Scott*, 940 S.W.2d at 358. Thus, we conclude the trial court in this case did not err by allowing Karamvellil to assert his Fifth Amendment privilege. *See id.*; *Blackmon*, 642 S.W.2d at 501-02. We overrule appellant's single point of error.

We affirm the trial court's judgment.

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)

171300F.U05

–3–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

OBED ISAU ZAVALA, Appellant

No. 05-17-01300-CR       V.

THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1535052-U.
Opinion delivered by Justice Bridges.
Justices Francis and Lang-Miers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered November 28, 2018.